**In re SAN CRISTOBAL DEVELOP-
MENT CORP., Debtor, Appellant.**

No. 78–1032.

United States Court of Appeals,
First Circuit.

Argued June 9, 1978.

Decided Aug. 18, 1978.

Rafael A. Rivera-Cruz, San Juan, P. R., with whom Reginald J. Barney, San Juan, P. R., and Robert J. Griswold, San Juan, P. R., were on brief, for appellant.

Horacio R. Subira, San Juan, P. R., with whom Quetglas, Subira, & Rebollo, San Juan, P. R., was on brief, for appellees.

Before CAMPBELL and BOWNES, Circuit Judges, PETTINE, Chief Judge *.

PER CURIAM.

This appeal raises the question whether by applying to the bankruptcy court for appointment of a receiver to manage mortgaged realty, the holder of the mortgage subjected itself to the summary jurisdiction of the court over the action brought by the debtor-mortgagor for breach of the lending agreement.

The facts are set forth in Bankruptcy Judge Asa S. Herzog's opinion, *In Re San Cristobal Development Corporation*, 17 CBC ———— (1978). Judge Herzog ruled that by filing the application in the Chapter XI proceedings, the mortgagee did not impliedly consent to the bankruptcy court's summary jurisdiction over the breach of con-

---

* Of the District of Rhode Island, sitting by designation.

tract action, which was commenced after the application was filed. The contract action was therefore dismissed for lack of jurisdiction by Judge Herzog. On appeal to the district court, the judgment of the bankruptcy judge was affirmed. The instant appeal was taken from the judgment of the district court.

Upon due consideration of the record, briefs, and applicable law, we uphold the district court's judgment. As we are in agreement with the analysis contained in Judge Herzog's comprehensive opinion, we affirm on the basis of the reasoning set forth therein.**

*Affirmed.*

---

** The debtor-mortgagor's conclusory allegations concerning the mortgagee's conduct at the first meeting of creditors, including the mortgagee's request that the meeting not be continued and that the Chapter XI proceeding be dismissed, also fail to convince us that the bankruptcy court erred in holding that the mortgagee did not impliedly consent to the court's summary jurisdiction over the debtor-mortgagor's contract action.